IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VINCE MARINO,

      Plaintiff,

      v.

ZONE 4 POLICE OFFICER SHAWN P.
GORMAN, CITY OF PITTSBURGH,

      Defendants.

11cv0906
**ELECTRONICALLY FILED**

## Memorandum Order

This is an action brought by *pro se* plaintiff, Vince Marino, against Zone 4 Police Officer Shawn P. Gorman, and the City of Pittsburgh. Plaintiff, who previously litigated a civil rights action before this Court (also brought pursuant to 42 U.S.C. § 1983) at 08-cv-1249, originally brought the instant action in state court (before Magisterial District Judge Eugene Ricciardi) alleging damages in the amount of $1,500.00. In his original complaint, filed on June 20, 2011 (doc. no. 1-2), plaintiff made allegations of Harassment, Aggravation, False Summons/Statement, Retaliation, Gross Negligence, and Repeated Endangerment against Zone Four, and against the City of Pittsburgh, he alleged Failure to Train, Gross Negligence, Harassment, and Retaliation.

Defendants promptly filed a Notice of Removal on July 7, 2011, alleging federal question jurisdiction, pursuant to 28 U.S.C. § 1331. Doc. No. 1. On July 13, 2011, plaintiff filed an Amended Complaint setting forth three counts of Civil Harassment, Retaliation, and Failure to Train stemming from alleged "non traffic citations for harassment resulting from a[n] on going neighbor problem." Doc. No. 2. From the factual allegations set forth in plaintiff's Amended

1

Complaint, it appears that he is alleging that his neighbor alleged "some kind of assault on him," and Zone Four officers cited plaintiff for harassment, but the citations were subsequently dismissed. Doc. No. 2. Plaintiff next states that he sustained a vehicle arson at his home, that a police officer at Zone Four responded, but did not notice that plaintiff had a burn to his arm, and that he sustained property damage to his home (allegedly committed by his neighbor), which the Zone Four Officers failed to properly investigate. Plaintiff further alleges retaliation by the Zone Four Officers on the basis that they failed to adequately perform "certain investigation tasks" involving matters at plaintiff's home dating back to 2008, 2009 and 2010. Finally, plaintiff alleges that the City of Pittsburgh has failed to properly train and supervise its "Police Zones" resulting from the ongoing dispute with his neighbor, and resulting charges against plaintiff for simple assault.

Plaintiff now seeks to remand this action to state court, and in support, argues that his action relies on state law claims only. He further alleges that he does not allege any civil rights violations against defendants in his Amended Complaint.

Because federal district courts have limited jurisdiction, the removal statutes are strictly construed against removal. *American Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir.1974). All doubts as to substantive and procedural jurisdiction prerequisites must be resolved in favor of remand. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir.1985); *Sterling Homes, Inc. v. Swope*, 816 F.Supp. 319, 323 (M.D. Pa. 1993). The removing defendant bears the heavy burden of persuading the Court to which the state action was removed that it has jurisdiction under the removal statutes. *Batoff*, 977 F.2d at 851; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990), *cert. denied*, 498 U.S.

1085 (1991). See *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921) (burden of establishing federal jurisdiction is placed upon the parties seeking removal).

Pursuant to the "well pleaded complaint rule," the Court will determine the existence of federal subject matter jurisdiction by looking at the face of the complaint. *Kline v. Security Guards, Inc.* 386 F.3d 246 (3d Cir. 2004), citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, where, as here, a plaintiff artfully pleads a complaint in an attempt to "disguise" a federal law claim as a state law claim, the Court is required to "recharacterize" it accordingly, in order to uphold removal. *Ruchka v. Husfelt*, 2008 WL 2682686 (W.D. Pa. 2008) (other citations omitted); *Wuerl v. International Life Science Church*, 758 F.Supp. 1084, 1087, *citing Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394 (1981).

Plaintiff has artfully pled claims against state officials and the City of Pittsburgh that arise under federal law, that is 42 U.S.C. § 1983, despite his latest contention that his Complaint (and Amended Complaint) do not arise under federal law. Viewing the facts on the face of the Complaint and Amended Complaint, plaintiff appears to be alleging violations of his civil rights against Zone Four officer(s), and against officials acting under color of state law pursuant to 42 U.S.C. § 1983. Further, plaintiff's allegations regarding failure to train are also brought pursuant to section 1983. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). Moreover, even if plaintiff's claims (for negligence) were construed as state law claims, where, as here, success on a state law claim depends on substantive issues of federal law, removal is proper. *Merrell Dow Pharm. v. Thompson*, 478 U.S. 804, 808-812 (1986). *See also*, *Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 9 (U.S. 1983) (a

case may "arise under" federal law "where the vindication of a right under state law necessarily turned on some construction of federal law.")

Accordingly, for these reasons, plaintiff's motion to remand (and for costs) (doc. no. 4) is DENIED.

**SO ORDERED** this 9th day of August, 2011.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

**VINCENT MARINO**
3324 Dawson Street
Pittsburgh, PA 15213
PRO SE PLAINTIFF