IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VINCE MARINO,

      Plaintiff,

      v.

ZONE 4 POLICE OFFICER SHAWN P.
GORMAN, CITY OF PITTSBURGH,

      Defendants.

11cv0906
**ELECTRONICALLY FILED**

### Memorandum Order

**I.   Introduction/Procedural History**

This is an action brought by *pro se* plaintiff, Vince Marino, against Zone 4 Police Officer Shawn P. Gorman, and the City of Pittsburgh.  Plaintiff originally brought the instant action in state court alleging damages in the amount of $1,500.00.  In his original complaint, filed on June 20, 2011 (doc. no. 1-2), plaintiff made allegations of Harassment, Aggravation, False Summons/Statement, Retaliation, Gross Negligence, and Repeated Endangerment against Zone Four, and against the City of Pittsburgh, he alleged Failure to Train, Gross Negligence, Harassment, and Retaliation.

Defendants promptly filed a Notice of Removal on July 7, 2011, alleging federal question jurisdiction, pursuant to 28 U.S.C. § 1331.  Doc. No. 1.  On July 13, 2011, plaintiff filed an Amended Complaint setting forth three counts of Civil Harassment, Retaliation, and Failure to Train stemming from alleged "non traffic citations for harassment resulting from a[n] on going neighbor problem."  Doc. No. 2.  Plaintiff sought remand to state court (doc. no. 4), but this

Court denied remand on the basis that under the "well pleaded complaint rule," federal subject matter jurisdiction exists under 42 U.S.C. § 1983. See Doc. No. 10.

Apparently disappointed with the ruling of this Court on the remand issue, plaintiff filed what this Court deemed as a motion for reconsideration (doc. nos. 12-14), and after getting a response receiving a response from defendants (doc. no. 15), and a reply from plaintiff (doc. no. 16), this Court denied the Motion for Reconsideration by Text Order of August 26, 2011.

Still disappointed with the ruling(s) of this Court, and now perceiving some alleged personal bias, plaintiff now has filed what has been titled as, "28 U.S.C. Disqualification Affidavit of Bias & Prejudice in Support of Disqualification of District Court Judge Arthur J. Schwab."  Doc. No. 20.  The Court will construe this "Affidavit" as a "Motion for Disqualification."

In support of plaintiff's position, he alleges that this Court is biased against him because the Court has denied his motion to remand (doc. no. 10), and because the Court noted in its previous opinion on the motion to remand the fact that plaintiff previously litigated a civil rights action before this Court.  Plaintiff extrapolates from that statement of history (regarding his prior litigation before this Court) that the Court is "hint[ing]" that the merits of the previous law suit have a connection to this current action.  Doc. No. 20.  In his motion, plaintiff goes on to state that because this Court presided over the prior action, it would be unfair to have the same judge preside over his new action.  *Id*.  In the remainder of his motion for disqualification, plaintiff again expresses his position that this Court erred in that it "fraudulently altered the law on remand by re-viewing the well-pleaded complaint rule."  *Id*.  In other words, plaintiff continues to take exception to the ruling of this Court denying his motion to remand, and finding that federal subject matter jurisdiction exists.

## II.     Standard of Review/Application

Section 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  "The test for recusal under § 455(a) is whether a reasonable person, ***with knowledge of all the facts***, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir.2003).  Section § 455(b)(1), in relevant part, requires recusal when the Judge has "personal knowledge of disputed evidentiary facts concerning the proceeding." *U.S. v. Wecht*, 484 F.3d 194 (3d Cir. 2007).

Although plaintiff cites to this Court's judicial ruling(s) regarding his motion to remand, and a comment of historical background in the text of a prior opinion in this case (at doc. no. 10), he does not assert that there are extrajudicial sources - defined as "source[s] outside of the official proceedings"- requiring this Court to recuse itself. *United States v. Bertoli*, 40 F.3d 1384, 1412 (3d Cir.1994).

As the United States Supreme Court stated in *Liteky v. United States*, 510 U.S. 540 (1994), "[i]t is wrong in theory, though it may not be too far off the mark as a practical matter, to suggest, as many opinions have, that 'extrajudicial source' is the only basis for establishing disqualifying bias or prejudice." *Id*. at 551.  When a litigant does not cite to extrajudicial sources, the Judge's opinions and remarks must reveal a "deep-seated" or "high degree" of "favoritism or antagonism that would make fair judgment impossible." *Id*. at 555-56.

This Court concludes that plaintiff's motion for disqualification does not meet the above-cited standard for disqualification.  First of all, he has not alleged, nor has he established that any extrajudicial source would require recusal.  Secondly, he has not alleged, nor has he

demonstrated any antagonism, let alone a "deep-seated antagonism" against him, or any degree of favoritism to defendants.

Since there is nothing either on, or outside of, the official proceedings that would necessitate a recusal in this case, and no reasonable person would question the partiality of this Court, plaintiff's motion for disqualification must falter. It is not evident to this Court, nor would it be to any reasonable person, why plaintiff believes this Court is personally biased. What *is* evident from the filings of plaintiff to-date is that he disagrees with the ruling(s) of this Court on his motion to remand.

Accordingly, for these reasons, plaintiff's motion for disqualification (doc. no. 20) is DENIED.

**SO ORDERED** this 12th day of September, 2011.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

**VINCENT MARINO**
3324 Dawson Street
Pittsburgh, PA 15213
PRO SE PLAINTIFF