# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCE MARINO, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 11-906 |
| CITY OF PITTSBURGH, | ) Judge Cathy Bissoon |
| Defendant. | ) |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Pending before the Court is Defendant City of Pittsburgh's Motion to Dismiss (Doc. 43). For the reasons stated herein, the Court will grant in part and deny in part Defendant's motion.

**BACKGROUND**

**A. Factual Background**

Pro se Plaintiff Vince Marino alleges that on May 28, 2011, City of Pittsburgh Police Officer Shawn P. Gorman responded to an alleged assault complaint from one of Plaintiff's neighbors. 2d Am. Compl. ¶ 1 (Doc. 41). Apparently as a result of the May 28, 2011 incident, Plaintiff was charged with simple assault on June 12, 2011. Id. At a preliminary hearing on August 22, 2011, a Pennsylvania state court dismissed the simple assault charge. Id. A misdemeanor charge for disorderly conduct apparently was moved to the state court's "Non-Traffic" docket, where Plaintiff pled guilty and filed a summary appeal. See State Court Dockets (Docs. 43-1, 43-2, 43-3).[1] Plaintiff's appeal remains pending. See Mot. to Dismiss ¶ 10 (Doc. 43); Br. in Opp. to Mot. to Dismiss 1-2 (Doc. 56).

---

[1] Although the state court docket sheets attached to Defendant's Motion to Dismiss were not attached to Plaintiff's Second Amended Complaint, courts are permitted to review matters of

1

B. **Procedural Background**

Plaintiff filed his original complaint (Doc. 1-2) in a Pennsylvania Magisterial District Court on June 17, 2011.  Defendants removed this action to this Court on July 7, 2011, by filing a Notice of Removal (Doc. 1).  Plaintiff filed two amended complaints, and Defendant City of Pittsburgh is the only remaining Defendant.  See 2d Am. Compl. (Doc. 41).

In his second amended complaint, Plaintiff asserts four counts under 42 U.S.C. § 1983: (1) failure to train; (2) negligence; (3) violation of rights under the Fourteenth Amendment to the United States Constitution; and (4) violation of rights under the Fifth Amendment to the United States Constitution.  2d Am. Compl. (Doc. 41).

Defendant moved to dismiss, asserting four cursory arguments for dismissal: (1) Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994); (2) Plaintiff cannot prove Defendant's liability; (3) Plaintiff's negligence claim is barred by the Political Subdivision Tort Claims Act; and (4) Plaintiff's claims are barred by the doctrine of res judicata.  Mot. to Dismiss (Doc. 43).

**ANALYSIS**

A. **Heck v. Humphrey**

"[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Defendant asserts that, due

---

public record when adjudicating a motion to dismiss.  See, e.g., McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009).

to Plaintiff's pending state court appeal of his misdemeanor disorderly conduct conviction, Plaintiff cannot demonstrate that state court proceedings terminated in his favor. Mot. to Dismiss ¶ 10 (Doc. 43). According to Defendant, Plaintiff's claims in this lawsuit, therefore, are barred by Heck v. Humphrey, 512 U.S. 477 (1994).

The nature of Plaintiff's claims is not entirely clear, but they appear to be claims for false arrest and/or malicious prosecution.[2] A simple assault charge against Plaintiff was dismissed by a Magisterial District Court, but Plaintiff's appeal of a conviction on a misdemeanor disorderly conduct charge remains pending. Plaintiff's claims, therefore, have not yet accrued under Heck to the extent the claims challenge the lawfulness of his misdemeanor disorderly conduct arrest and conviction. See Heck, 512 U.S. at 489-90.

The Court, nonetheless, cannot dismiss Plaintiff's claims at this time. When a conviction on one charge is accompanied by a contemporaneous acquittal on another charge in the same proceeding, a malicious prosecution claim based on the acquittal may proceed if the charges aim to punish different conduct. See Kossler v. Crisanti, 564 F.3d 181, 187-92 (3d Cir. 2009) (en banc). There is insufficient information in the record at this time to determine whether the simple assault charge and the disorderly conduct charge against Plaintiff relate to the same conduct, and Defendant has not addressed this issue in its Motion to Dismiss. Defendant's motion to dismiss on the basis of Heck, therefore, is denied.

### B. Plaintiff's Ability to Prove Defendant's Liability

Defendant next argues that Plaintiff's claims should be dismissed because he will not be able to prove Defendant's liability. Mot. to Dismiss 4 (Doc. 43). According to Defendant,

---

[2] Notably, Defendant has not challenged the sufficiency of the factual allegations in Plaintiff's Second Amended Complaint. The Court will not *sua sponte* address matters that Defendants have not themselves seen fit to address in their motion to dismiss.

3

"[w]ithout a trial of the individual police officers, Plaintiff cannot establish the required underlying constitutional violation for which Defendant *might* be liable its [sic] own conduct." Id.  While the Court does not fully comprehend Defendant's garbled argument, the Court believes Defendant City of Pittsburgh is suggesting that because Plaintiff dismissed the individual police officer defendants from this case, Plaintiff will be unable to establish that Defendant is liable for the allegedly unconstitutional conduct of its employees. Id.  This theory is absurd.

In a § 1983 action against a municipality, a plaintiff need not include the individual actors as defendants.  Under Defendant's theory, courts would be required by Federal Rule of Civil Procedure 19 to join as defendants all individuals alleged to have committed unconstitutional conduct in a § 1983 action against a municipality.  The Court assumes that Defendant is not advocating joinder of the police officer defendants whom Plaintiff voluntarily dismissed from the case.  Defendant's motion to dismiss on the basis of the absence of individual defendants is denied.

### C. Political Subdivision Tort Claims Act

Defendant next asserts that Plaintiff's negligence claim should be dismissed because Defendant is immune from liability under the Political Subdivision Tort Claims Act, 42 Pa. C.S. §§ 8541-42.  "Under the Political Subdivision Tort Claims Act, local government agencies are immune from liability for their negligence unless their actions fall within an exception enumerated by statute and would otherwise subject them to liability."  Greiff v. Reisinger, 693 A.2d 195, 197 (Pa. 1997).  Plaintiff's negligence claim does not appear to fall within any exception to immunity under the Political Subdivision Tort Claims Act.  See 42 Pa. C.S. § 8542.

To the extent Plaintiff is asserting a general negligence claim that differs from the "negligence" claim asserted in his first amended complaint, Defendant's motion to dismiss is granted.[3]

### D. Res Judicata

Defendant's final argument is that the doctrine of res judicata precludes Plaintiff's claims because of a Pennsylvania Magisterial District Court's judgment on Plaintiff's original complaint in this action, "in favor of all Defendants on essentially the same allegations now before this Court." Mot. to Dismiss 5. But the Magisterial District Court could not have properly entered judgment on Plaintiff's complaint, because Defendant removed Plaintiff's action to this Court.[4] Once Defendant filed its Notice of Removal, the Magisterial District Court lost jurisdiction over this case. 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."); see also In re Diet Drugs, 282 F.3d 220, 232 n.6 (3d Cir. 2002) ("A proper filing of a notice of removal immediately strips the state court of its jurisdiction." (quoting Yarnevic v. Brink's, Inc., 102 F.3d 753, 754 (4th Cir. 1996))). Defendant's motion to dismiss based on res judicata, therefore, is denied.

---

[3] In successfully resisting Plaintiff's motion to remand, Defendant previously argued that the "negligence" claim in Plaintiff's first Amended Complaint (Doc. 2) was a § 1983 claim disguised as a state law claim. See Opp. to Pl.'s Mot. for Remand (Doc. 7).

[4] Additionally, Defendant has provided no information from which the Court could conclude that the Magisterial District Court entered judgment in favor of Defendant on the same allegations now before this Court. Even if the Magisterial District Court could have properly entered judgment on Plaintiff's original complaint, state court documents provided by Plaintiff suggest that the Magisterial District Court did not enter judgment in favor of Defendant City of Pittsburgh. See Notice of Judgment/Transcript, Aug. 30, 2011 (Doc. 54-2 at 11) (indicating entry of judgment only for defendant Officer Shawn P. Gorman).

**CONCLUSION**

For all of the reasons stated above, Defendant City of Pittsburgh's Motion to Dismiss (Doc. 43) is granted in part and denied in part.

## II. ORDER

For the reasons stated above, the Court hereby **ORDERS** that Defendant City of Pittsburgh's Motion to Dismiss (Doc. 43) is **GRANTED IN PART** and **DENIED IN PART**. Count II (Negligence) of Plaintiff's Second Amended Complaint (Doc. 41) is **DISMISSED WITH PREJUDICE**,[5] to the extent that it differs from the "negligence" claim asserted in Plaintiff's first Amended Complaint (Doc. 3). Defendant's Motion to Dismiss is denied in all other respects.

**IT IS SO ORDERED**.

          s/ Cathy Bissoon
          Cathy Bissoon
          United States District Judge

January 23, 2012

cc:

Vince Marino (via U.S. First Class Mail)
All counsel of record (via CM/ECF E-mail)

---

[5] To the extent Count II asserts a claim for general negligence, Defendant is immune from liability. Thus, amendment of the Second Amended Complaint would be futile, and dismissal with prejudice is appropriate. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n the event a complaint fails to state a claim, unless amendment would be futile, the District Court must give a plaintiff the opportunity to amend her complaint." (citing Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000))).