# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCE MARINO, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 11-906 |
| CITY OF PITTSBURGH, | ) ) | Judge Cathy Bissoon |
| Defendant. | ) ) ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Pending before the Court is Plaintiff Vince Marino's "Motion for Contempt of Court for Defendants [sic] Failure to Comply With the Courts [sic] Order to Answer Plaintiff's Interrogatories/In the Alternative to Re-Compel Defendants" (Doc. 64). For the reasons stated herein, the Court will grant in part and deny in part Plaintiff's motion.

### BACKGROUND

Plaintiff Vince Marino previously filed a motion to compel answers to interrogatories and requests for production (Doc. 48). Among the relief requested by Plaintiff in the motion to compel was an order requiring Defendant to respond to Plaintiff's interrogatories numbers 2-7, 9-10, and 12-16. Because Defendant, upon inquiry, did not wish to, and consequently, did not respond to the motion, this Court granted the motion. See Text Order, Dec. 8, 2011.

In the currently pending motion for contempt of court (Doc. 64), Plaintiff contends that Defendant has failed to comply with this Court's order granting the motion to compel because Defendant still has failed to respond to Plaintiff's interrogatories. Defendant asserts that it has worked with Plaintiff to resolve this discovery dispute, and that Defendant clarified its objections to Plaintiff's interrogatories in a January 30, 2012 letter. Def.'s Response 3 (Doc. 65).

1

Defendant further argues that Plaintiff's motion should be denied because Plaintiff consented to a delay in discovery, Plaintiff has not complied with the undersigned's Practices and Procedures, and Defendant has made a good faith effort to resolve the current discovery dispute.

## ANALYSIS

### A. "Stipulation" to Delay Discovery Responses

Defendant first argues that it has not waived its objections to Plaintiff's interrogatories because Plaintiff's November 14, 2011 motion for extension of time to file a response to Defendant's motion to dismiss (Doc. 47) and November 25, 2011 letter to Defendant (Doc. 65-1) created a "stipulation," pursuant to Federal Rule of Procedure 29(b), to modify the deadline for Defendant to respond to Plaintiff's interrogatories. Def.'s Response 4-5 (Doc. 65). Defendant's argument warrants little attention. Whether or not the parties' stipulated to extend the time for Defendant to respond to Plaintiff's interrogatories, Defendant never informed the Court of any such stipulation.[1] After the time for Defendant to respond to Plaintiff's motion to compel expired, the Court contacted Defendant to inquire as to whether Defendant intended to respond. The Court also informed Defendant that the motion would be granted if Defendant did not respond. Defendant did not inform the Court of any stipulation regarding the motion to compel. Defendant chose to not respond, knowing that the Court would grant the motion. In doing so, Defendant waived its objections to Plaintiff's interrogatories.

---

[1] Additionally, neither the motion for extension of time to respond to the motion to dismiss nor the November 25, 2011 letter from Plaintiff to Defendant appears to create a stipulation to extend the time for interrogatory responses. Even if they did, Plaintiff did not stipulate to withdraw his motion to compel. Defendant also asserts that it amended its interrogatory responses on November 29, 2011, but that also does not explain Defendant's failure to respond to the motion to compel. Further, it is unclear if Defendant actually amended its interrogatory responses. The only evidence of the purported amended responses is an e-mail from Defendant to Plaintiff referring to Defendant's "Amended Interrogatories." E-mail from Def. to Pl., Nov. 29, 2011 (Doc. 65-3). As an aside, Defendant did not provide the Court with the attachments to the e-mail, so the Court cannot conclude that Defendant actually amended its responses to Plaintiff's interrogatories.

2

## B. Practices and Procedures

Defendant next argues that Plaintiff failed to follow the undersigned's Practices and Procedures, which require parties to contact the Court to set up a conference in an effort to resolve discovery disputes, prior to filing a formal discovery motion. Defendant is correct that the undersigned normally requires the parties to contact the Court to set up a conference in an effort to resolve discovery disputes. In this case, however, the Court ordered that "all communication with the Court shall be in the form of a written motion(s)," and that "Plaintiff shall not communicate with the Court, or its staff, by telephone, email, fax or, in person, except by written motion . . . ." Order, Aug. 26, 2011 (Doc. 18) (Schwab, J.); see also Case Management Order, Sept. 29, 2011 (Doc. 39) (ordering that the order on correspondence with the Court (Doc. 18) remains in effect). Plaintiff, therefore, properly followed the Court's instructions when he filed both his motion to compel and his motion for contempt.[2]

## C. Good Faith

Defendant's final argument is that it has acted in good faith in cooperating with Plaintiff throughout this litigation. See Def.'s Response 6 (Doc. 65). Whether or not this is true does not impact Defendant's obligation to comply with the Court's order granting Plaintiff's motion to compel. When Defendant chose to not respond to Plaintiff's motion to compel, Defendant waived any objections to Plaintiff's interrogatories.

Defendant asserts that it "has filed complete answers to Plaintiff's interrogatories, made objections only where Defendant believes appropriate, and has produced the documentation that Plaintiff requested." Id. The Court does not understand what Defendant means by "complete answers," since Defendant still has provided only objections to many of Plaintiff's

---

[2] Additionally, Defendant did not object to Plaintiff's motion to compel on the basis of failure to follow the undersigned's Practices and Procedures. Defendant, instead, chose to provide no response whatsoever.

interrogatories. See Letter from Def. to Pl., Jan. 31, 2012 (Doc. 65-4). While those objections ordinarily might be "appropriate," as Defendant contends, any objection is inappropriate at this stage because the Court ordered Defendant to respond to Plaintiff's interrogatories when the Court granted Plaintiff's motion to compel.

Defendant also asserts that "Plaintiff premised many of his interrogatories on the disposition of his appeal, which has yet to occur and has been postponed several times for various reasons." Def.'s Response 6 (Doc. 65). Defendant does not refer to any particular interrogatory in making this assertion. The Court has reviewed each of Plaintiff's interrogatories, and Defendant's assertion is unfounded. Further, Defendant did not raise this issue in its responses and objections to Plaintiff's interrogatories.

While the Court is mindful that some of Plaintiff's interrogatories may be difficult to answer, that is the bed that Defendant made when it voluntarily chose to not respond to Plaintiff's motion to compel. Defendant cannot now raise objections to the interrogatories that were the subject of Plaintiff's motion to compel.

The Court has been very disappointed in Defendant's seeming lack of interest in litigating its cases. Whether Plaintiff's claims have merit remains to be determined, but Defendant is obligated to litigate this case, and any other case before this Court, actively and in good faith. Here, Defendant opted not to respond to Plaintiff's motion to compel. The logical consequence of that decision was that the motion was granted, and the Court ordered Defendant to respond to Plaintiff's interrogatories. Now, Defendant essentially seeks to relitigate the motion to compel with illogical and cursory legal arguments and unsupported factual assertions. The Court will not reconsider Plaintiff's motion to compel based upon Defendant's 20/20 hindsight.

**CONCLUSION**

For all of the reasons stated above, Plaintiff Vince Marino's Motion for Contempt of Court (Doc. 64) is granted in part and denied in part, as set forth in the attached Order.

## II. ORDER

For the reasons stated above, the Court hereby **ORDERS** that Plaintiff Vince Marino's Motion for Contempt of Court (Doc. 64) is **GRANTED IN PART** and **DENIED IN PART**. To the extent Defendant has additional, responsive information that has not been provided to Plaintiff, Defendant is ordered to provide responses to Plaintiff's interrogatories numbers 2-7, 9-10, and 12-16. The Court declines to hold Defendant in contempt of Court or to impose other sanctions.

**IT IS SO ORDERED**.

                                                s/Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge

February 23, 2012

cc:

Vince Marino (via U.S. First Class Mail)
All counsel of record (via CM/ECF E-mail)